IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. SOLDRICH,<br><br>　　　　　Plaintiff<br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　　Defendant | CIVIL ACTION No.: _____<br><br><br>**COMPLAINT** |

**COMES NOW** the Plaintiff, WILLIAM C. SOLDRICH ("Plaintiff"), by and through his undersigned counsel, and hereby sues the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, and states:

## JURISDICTION

1. Plaintiff brings this action against defendants to redress violations of the statutes of the Commonwealth of Pennsylvania and the common law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## NATURE OF THE CASE

4. This is an action by the Plaintiff against his insurance carrier, STATE FARM FIRE AND CASUALTY COMPANY ("Defendant"), for benefits owed under insurance policies, which have not been paid, as a result of a collapse that occurred on or about March 22, 2014.

5. Plaintiff purchased "all risk" insurance policies from Defendant, which cover all risks of direct physical loss unless excluded under the policy.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1034392.DOCX;1                                    1

6. Defendant failed to pay the damages due and owing under the insurance policies, and further acted in violation of the implied duty of good faith and fair dealing contained in the insurance policies, further damaging the Plaintiff.

## PARTIES

7. Plaintiff is citizen of the Commonwealth of Pennsylvania residing at 1022 2nd Street, North Catasauqua, Northampton County, Pennsylvania.

8. Defendant is an insurance company authorized to do business in the Commonwealth of Pennsylvania with its principal place of business in Ballston Spa, New York.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff, at all relevant times, has been the owner of certain real property located at 1020 2nd Street, North Catasauqua, Northampton County, Pennsylvania; 1022 2nd Street, North Catasauqua, Northampton County, Pennsylvania; and 1024 2nd Street, North Catasauqua, Northampton County, Pennsylvania ("the Properties").

10. The aforementioned properties are residential properties.

11. The Properties at 1020 2nd Street, North Catasauqua, Northampton County, Pennsylvania and 1022 2nd Street, North Catasauqua, Northampton County, Pennsylvania consist of a multi-family attached dwelling.

12. The Property at 1024 2nd Street, North Catasauqua, Northampton County, Pennsylvania is a single family detached dwelling.

13. Plaintiff purchased insurance policies, Policy Numbers: 98-PM-8422-7; 78-PH-6554-4; and 98-PF-3043-3 (the "Policies") from Defendant, which covered the properties at issue in this matter.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1034392.DOCX;1              2

14. All premiums on the Policies were paid, and the Policies were in full force and effect at all relevant times herein.

15. The Policies include insurance coverage for, *inter alia*, the risk of direct physical loss to the dwellings, including collapse.

16. The Policies include insurance coverage for personal property for the risk of direct physical loss, including collapse.

17. The Policy for 1022 2nd Street, North Catasauqua, Northampton County, Pennsylvania, Policy #:78-PH-6554-4 also includes insurance coverage for loss of use which occurred as a result of a covered loss.

18. The Policy for 1020 2nd Street, North Catasauqua, Northampton County, Pennsylvania, Policy #:98-PM-8422-7 also includes insurance coverage for loss of rents which occurred as a result of a covered loss.

19. The Policy for 1024 2nd Street, North Catasauqua, Northampton County, Pennsylvania, Policy #:98-PF-3043-3 also includes insurance coverage for loss of rents which occurred as a result of a covered loss.

20. On or about March 22, 2014, the Properties at 1020 2nd Street, North Catasauqua, Northampton County, Pennsylvania and 1022 2nd Street, North Catasauqua, Northampton County, Pennsylvania experienced loss due to collapse.

21. The collapse caused extensive damage to the Properties at 1020 2nd Street, North Catasauqua, Northampton County, Pennsylvania and 1022 2nd Street, North Catasauqua, Northampton County, Pennsylvania.

22. Collapse is a covered risk under the Policies.

23. The Plaintiff's property sustained catastrophic losses as a result of the collapse.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

24. On March 23, 2014, the Borough of North Catasauqua condemned all three properties for foundation collapse and potential danger until required repairs have been made.

25. Plaintiff promptly submitted an insurance claim to Defendant for the damage to the property caused by collapse.

26. Defendant assigned claim numbers 38-30P0-980; 38-30D0-308 and 38-30P0-989 to the Plaintiff's claims.

27. Defendant sent an adjuster to evaluate the damage to the Plaintiff's properties associated with the collapse.

28. Defendant, denied all coverage to the Plaintiff's properties.

29. Plaintiff has cooperated with Defendant and has complied with all post-loss obligations listed in the Policies.

30. Defendant has failed and refused to promptly or properly adjust the Plaintiff's losses.

31. The Plaintiff suffered damages from collapse for which Defendant has failed to pay.

32. Plaintiff's losses include:
    a. Physical damage to his Properties;
    b. Physical damage to its personal property;
    c. Loss of use; and
    d. Loss of rents.

33. Plaintiff has demanded payment pursuant to the terms of the Policies.

34. Defendant has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policies.

35. Defendant's failure and/or refusal to pay the insurance proceeds due and owing under the Policies constitutes a breach of the express terms of the insurance contract.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

36. Plaintiff has done and performed all those matters and things properly and reasonably required and requested of it under the Policy.

37. As a direct result of Defendant's breach of the insurance contracts, Plaintiff has suffered and continues to suffer financial damages.

38. As a direct result of Defendant's breach of the insurance contracts, Plaintiff was required to become obligated for attorney's fees and costs in connection with the prosecution of this action.

## COUNT ONE – Breach of Contract

39. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 38 as if set forth in full herein.

40. Plaintiff and Defendant entered into an insurance contracts whereby Defendant promised to pay for covered damages to Plaintiff's properties.

41. Plaintiff's properties sustained covered losses caused by collapse on or about March 22, 2014.

42. Plaintiff has demanded payment pursuant to the terms of the Policies.

43. Defendant has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policies.

44. Defendant's failure to pay the insurance proceeds is a breach of the express terms of the contract.

45. As a result of Defendant's breach of the insurance contract, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, WILLIAM C. SOLDRICH, demands judgment against STATE FARM FIRE AND CASUALTY COMPANY on Count One for:

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1034392.DOCX;1                5

(a) Compensatory damages;

(b) Consequential damages;

(c) Pre-judgment interest and post-judgment interest;

(d) Costs of suit;

(e) Attorneys' fees; and

(f) For such other relief as the court may deem equitable and just.

### COUNT TWO – Breach of Implied Covenant of Good Faith and Fair Dealing

46. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 45 as if set forth in full herein.

47. Plaintiff and Defendant entered into an insurance contracts whereby Defendant promised to pay for covered damages to Plaintiff's property.

48. Those contracts include an implied covenant of good faith and fair dealing. This covenant includes, but is not limited to duties to honestly, promptly, and fairly investigate facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, and promptly pay the full amount of covered losses.

49. Defendant failed to properly adjust Plaintiff's claim by engaging in activities that include, but are not limited to:

   a. in failing to pay the full amount owed under the claims;
   b. in failing to timely pay the claim;
   c. in scheming to defraud its policyholder;
   d. in acting in reckless disregard for its obligations under the policy;
   e. in accepting premiums without intention to pay monies owed for covered losses;

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

    f. in fraudulently telling its policyholder that the losses were not covered despite evidence that they were;

    g. in claiming that losses were due to uncovered causes despite no evidence to support said non-covered cause;

    h. in claiming that losses were due to uncovered causes despite evidence to support a covered loss;

    i. in unilaterally denying covered losses without proper investigation;

    j. in falsely misrepresenting what its responsibilities were under the policy.

50. Defendant's actions, in failing to properly adjust Plaintiff's claims, are a breach of the implied covenant of good faith and fair dealing.

51. Defendant knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiff of their rights and reasonable expectations under the insurance contracts.

52. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff, Plaintiff, WILLIAM C. SOLDRICH, demands judgment against STATE FARM FIRE AND CASUALTY COMPANY on Count Two for:

    (a) Compensatory damages;

    (b) Consequential damages;

    (c) Pre-judgment interest and post-judgment interest;

    (d) Costs of suit;

    (e) Attorneys' fees; and

    (f) For such other relief as the court may deem equitable and just.

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

## COUNT THREE – Bad Faith Pursuant to 42 Pa.C.S. §8371

55. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 54 as if set forth in full herein.

56. The Defendant has failed to properly adjust the Plaintiff's claim by engaging in activities that include but are not limited to:

    a. in failing to pay the full amount owed under the claims;

    b. in failing to timely pay the claims;

    c. in scheming to defraud its policyholder;

    d. in acting in reckless disregard for its obligations under the policy;

    e. in accepting premiums without intention to pay monies owed for covered losses;

    f. in fraudulently telling its policyholder that the losses were not covered despite evidence that they were;

    g. in claiming that losses were due to uncovered causes despite no evidence to support said non-covered cause;

    h. in claiming that losses were due to uncovered causes despite evidence to support a covered loss;

    i. in unilaterally denying covered losses without proper investigation;

    j. in falsely misrepresenting what its responsibilities were under the policy.

57. Defendant has unreasonably delayed the handling of the Plaintiff's insurance claims.

58. Defendant does not have a justifiable reason for the delay of the Plaintiff's claims.

59. Defendant knew or disregarded the fact that their actions were causing unreasonable delay in the handling.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

60. Defendant has not stated a reasonably debatable reason for their failure to properly handle the Plaintiff's claims.

61. Defendant's failure to process the Plaintiff's claims in a prompt and reasonable matter amounts to bad faith.

62. As a result of the Defendant's bad faith, the Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, the Plaintiff, Plaintiff, WILLIAM C. SOLDRICH, demands judgment against STATE FARM FIRE AND CASUALTY COMPANY, on Count Three for:

(a) Compensatory damages;

(b) Consequential damages;

(c) Punitive Damages;

(e) Cost of suit;

(f) Attorneys fees;

(g) For such other relief as the court may deem equitable and just.

MERLIN LAW GROUP, P.A.

Date: March 19, 2014

By: _____
Charles R. Mathis IV, Esq.
PA Bar I.D. No.: 316861
Robert T. Trautmann, Esq.
PA Bar I.D. No.: 318203
125 Half Mile Road, Suite 200
Red Bank, New Jersey 07701
732-933-2700
732-933-2702 (Fax)
cmathis@merlinlawgroup.com
rtrautmann@merlinlawgroup.com
Attorneys for Plaintiff

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1034392.DOCX;1                 9